**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada State Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                             nring@theurbanlawfirm.com
*Counsel for Plaintiffs Laborers Joint Trust Funds*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>MULTITECH GROUP, INC., a Foreign Corporation,<br>Defendant. | CASE NO:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF ERISA**<br><br>**[29 U.S.C. § 185(a) and § 1132(e)]** |

Plaintiffs, jointly and severally, complain and allege as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

1

2. This Court has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185(a), which grants the United States District Courts original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy and the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. §185(a), in that this is the district in which the Trusts (defined below) are administered, the signatory union maintains its offices, and where the relevant acts took place.

4. To the extent this Complaint sets forth any claims based upon state law, this Court holds supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367(a).

**PARTIES**

5. Plaintiffs are THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; THE BOARD OF TRUSTEES OF SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST (collectively hereinafter "Trusts" or "Plaintiffs").

6. Plaintiffs as trustees of the Trusts are "fiduciar[ies]" with respect to the Trusts as defined in § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A) (2011).

7. At all times material to this Complaint, Defendant, MULTITECH GROUP, INC., (hereinafter "MULTITECH"), has been a corporation organized and existing by virtue of the laws of the State of Delaware and authorized to conduct business in the State of Nevada.

**GENERAL ALLEGATIONS**

8. At all times material to this Complaint, there was in effect collective bargaining agreement ("CBA") between the Laborers International Union of North America, Local 872 ("Local 872") and MULTITECH. MULTITECH is bound to the Airport Authority Project Labor Agreement

("PLA"). The PLA incorporates by reference the Master Labor Agreement between Local 872 and Contractors Associations and the Trust Agreements establishing the Plaintiff Trust Funds for MULTITECH's employees' work on certain projects. The CBAs name the Trust Funds as third-party beneficiaries of those agreements.

9. MULTITECH is an employer whose employees perform work covered under the PLA. Pursuant to the PLAs, MULTITECH agreed to abide by the Trust Agreements, which establish and govern the operation of the Plaintiff Trust Funds.

10. MULTITECH is an "employer," as that term is defined in the CBAs and related Trust Agreements.

11. MULTITECH is an "employer" as defined and used in Section 3(5) of ERISA, as codified at 29 U.S.C. § 1002(5), and therefore, MULTITECH is "obligated to make contributions to a multi-employer plan" within the meaning of Section 515 of ERISA, as codified at 29 U.S.C. § 1145.  Plaintiffs allege that MULTITECH is an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Section 501(1) and Section 501(3) of the LMRA, as codified at 29 U.S.C. § 142(1) and § 142(3), and within the meaning and use of Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

**FIRST CLAIM FOR RELIEF**
**Breach of Written Collective Bargaining**
**Agreements and Related Trust Agreements – MULTITECH**

12. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. At all times material to this Complaint, there was in effect a labor agreement between Local 872 and MULTITECH.  The labor agreement incorporates by reference the Trust Agreements establishing the Trusts.

14. MULTITECH is an employer whose employees performed work covered under the labor agreement between MULTITECH and Local 872.  Pursuant to the labor agreement, MULTITECH agreed to abide by the Trust Agreements, which establish and govern the operation of the Trusts.

15. By the terms and provisions of the labor agreement, and related Trust Agreements, and at all times material herein, Defendant MULTITECH was obligated to the following:

15.1 Defendant MULTITECH was obligated to prepare and submit true, complete and accurate written monthly contribution reports to the Trusts on a timely basis showing i) the identities of employees performing work covered by the CBAs, ii) the number of hours worked by or paid to these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of the fringe benefit contributions, benefits and/or withholdings attributable to its employees. These monthly contribution reports are due on the 10th day of each successive month;

15.2 Defendant MULTITECH was required to maintain adequate records of work performed by and amounts paid to its employees. MULTITECH was obligated to permit the Trusts and their agents to conduct audits of MULTITECH's payroll and related records in order to determine whether or not fringe benefit contributions were properly paid pursuant to the CBAs and Trust Agreements;

15.3 Defendant MULTITECH was obligated to properly pay fringe benefit contributions to the Trusts.  Benefits and/or other withholdings were to be made on a monthly basis, and at specified rates for each hour worked by or paid to applicable employees; these amounts are due and payable at the Trusts' administrative offices.

16. MULTITECH is known to be have performed work under the McCarran Airport Project Labor Agreement for which is has submitted fringe benefit contribution reports and corresponding contributions.

17. On or about June 26, 2019, Plaintiffs, through their counsel, sent a demand to MULTITECH for production of the payroll and related records of MULTITECH beginning from the time period of March 20, 2015 to June 30, 2018.

18. Since the attorney demand letter, MULTITECH has failed and refused to provide any of the requested payroll records.

19. Prior to the attorney demand letter, the Plaintiff's auditor attempted to obtain MULTITECH's records on several occasions but to no avail.

20. Due to MULTITECH's refusal to permit an audit, the exact amount of contributions and/or contract damages, if any, due and owing have not been ascertained at this time. These amounts, if any exist, will be established by proof at trial herein or through dispositive motion following completion of an audit. MULTITECH's refusal to produce all requested documents is a breach of the labor agreement and Trust Agreements.

21. Pursuant to the terms of the labor agreement and Trust Agreements, MULTITECH also promised that, in the event of any delinquency, it would pay all legal and auditing costs in connection with such delinquency, whether incurred before or after litigation commenced.

22. It has been necessary for the Trusts to engage The Urban Law Firm for the purpose of obtaining the payroll and related records of MULTITECH to complete the audit, collect any and all amounts due, and to otherwise enforce the terms of the labor agreement and Trust Agreements.

23. Pursuant to the labor agreement, Trust Agreements, and 29 U.S.C. §1132(g)(2), the Trusts are entitled to an award of their reasonable attorney's fees incurred to enforce the same, even if no delinquency is discovered by the audit.

24. Pursuant to 29 U.S.C. §1132(g)(2), MULTITECH owes to the Trusts interest, at the contractual rate, on any and all unpaid contributions and liquidated damages from the dates the sums were originally due to the Trusts through the date of judgment.

**WHEREFORE**, the Trusts pray for judgment against MULTITECH, as follows:

1. For an order compelling MULTITECH to submit to and cooperate with the audit of their books, documents, and other things by the Trusts duly appointed representative;

2. For unpaid fringe benefit contributions if any, in amounts as proven;

3. For damages for breach of contract in amounts if any, as proven;

4. For liquidated damages in amounts if any, as proven;

5. For audit expenses in amounts as proven;

6. For interest at the agreed upon contractual rate on all fringe benefit contributions and/or damages if any, until paid in full;

7. For the Trusts' reasonable attorney's fees;

8. For the Trusts' costs of suit incurred herein; and

9. For such additional relief as this Court deems just and proper.

Dated:  July 9, 2019                    **THE URBAN LAW FIRM**

*/s/ Nathan R. Ring*
MICHAEL A. URBAN, Nevada Bar No. 3875
NATHAN R. RING, Nevada State Bar No. 12078
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile: (702) 968-8088
Electronic Mail:  murban@theurbanlawfirm.com
                              nring@theurbanlawfirm.com
*Counsel for Plaintiffs Laborers Joint Trust Fund*